UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JAMES MAXIE                                                                      PLAINTIFF

v.                                                CIVIL ACTION NO. 5:23-CV-P24-JHM

BRIAN LAIRD et al.                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Plaintiff James Maxie, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint (DN 1) and amended complaint (DN 5)[1] are before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some of Plaintiff's claims will be dismissed, and others will be allowed to proceed.

**I. STATEMENT OF CLAIMS**

      Plaintiff sues Paducah Police Department Chief Brian Laird and Officers B. Jones, J. Euteneier, and N. Willett in their official and individual capacities. His complaint concerns five separate arrests and alleged malicious prosecutions following those arrests.

      Plaintiff alleges that on March 20, 2021, he was arrested for indecent exposure by Defendant Euteneier who had coerced the victim to falsely identify Plaintiff; that on March 29, 2021, he was arrested by Defendant Jones for a crime committed by a white man, even though Plaintiff is African American; and that on June 27, 2021, and June 30, 2021, he was wrongfully arrested by Defendant Jones for indecent exposure.

      Plaintiff further alleges that on March 11, 2022, Defendant Willett filled out a false incident report implicating Plaintiff of indecent exposure, resulting in Plaintiff being held on an

---

[1] *See* Fed. R. Civ. P. 15(a)(1)(A).

allegedly unreasonable cash-only bond. Plaintiff also alleges that Defendant Willett committed assault and battery by manhandling him while arresting him in his home.

The amended complaint alleges that each of the Defendants who arrested him influenced the decision to maliciously prosecute him knowing there was no probable cause.

Plaintiff alleges that Defendant Laird "as chief of police implicitly authorized, approved, and/or knowingly acquiesced in the unconstitutional conduct of . . . one or more of the aforementioned officers." He also alleges that Defendant Laird failed to train and supervise the other Defendants and/or failed to act.

Plaintiff states that he wishes to bring supplemental jurisdiction state-law claims to the extent that any of his claims "may be raised and/or [are] inclusive of state law." His amended complaints also alleges that Defendant Jones intentionally inflicted emotional distress on him in one of his cases and that Defendant Euteneier defamed him by falsely stating that he was on the Sex Offender Registry.

As relief, Plaintiff asks for compensatory and punitive damages, as well as injunctive relief of "stop police harassment and retaliation."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289

F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims are actually against the City of Paducah, Defendants' employer.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id.* To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving

force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that Defendants Jones, Euteneier, or Willett violated the constitution pursuant to a policy or custom of the City of Paducah. Accordingly, Plaintiff's official-capacity claims against these Defendants must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Defendant Laird failed to train and to supervise. "The courts recognize a systematic failure to train police officers adequately as custom or policy which can lead to city liability." *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Under a "failure to train" theory of municipal liability, Plaintiff must show that (1) a training program is inadequate to the tasks that the officers must perform; (2) the inadequacy is the result of the City's deliberate indifference; and (3) the inadequacy is closely related to or actually caused Plaintiff's injury. *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (citing *City of Canton*, 489 U.S. at 389-91) (internal quotation marks omitted). To state a claim that the City of Paducah failed to supervise, Plaintiff must allege that the City was deliberately indifferent to a history of widespread abuse. *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 943 (M.D. Tenn. 2012).

Plaintiff does not allege a systematic failure to train or a deliberate indifference to a history or widespread abuse. Accordingly, the Court will dismiss the official-capacity claims against Defendant Laird as well.

## B. Individual-capacity claims

*1. False arrest, false imprisonment, and excessive-force*

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). A § 1983 claim does not accrue until the plaintiff knows or should know of the claim. *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021); *see also Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 F. App'x 830, 833-34 (6th Cir. 2016) ("[T]he statute-of-limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.") (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007).

A claim brought under the Fourth Amendment for false arrest or false imprisonment challenges detention without legal process and accrues when the alleged false imprisonment ends. *Wallace*, 549 U.S. at 389. This occurs either at release following arrest or, if the arrest is followed by criminal proceedings, no later than the first judicial proceeding subsequent to arrest. *See id.* at 388-91; *Fox v. Desoto*, 489 F.3d 227, 233 (6th Cir. 2007). Accrual of this type of claim does not depend upon the termination of criminal charges in favor of a plaintiff, but rather on the time when a plaintiff becomes "detained pursuant to the legal process," *Wallace*, 549 U.S.

at 397, which the Supreme Court has held occurs when a plaintiff is "bound over by a magistrate or arraigned on charges." *Id*. at 389.

Because Plaintiff is a prisoner, his complaint is considered filed on the date that he certified it was submitted to prison authorities for mailing, s*ee Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that the mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing"), which in this case was February 8, 2023. Because it appears that Plaintiff was either released soon after arrest or soon after charges were initiated against him in all of his claims, the only false arrest/false imprisonment claim which is not time-barred is the one by Defendant Willett on March 11, 2022. Plaintiff alleges that on that date, Defendant Willett prepared a false incident report of indecent exposure which resulted in his being held with an allegedly unreasonable bond. He also alleges that Defendant Willett committed assault and battery when he "manhandled" Plaintiff during the arrest.

The Court will dismiss the claims against Defendants Jones and Euteneier for false arrest and false imprisonment as time-barred and will allow Plaintiff's individual-capacity claims for false arrest, false imprisonment, and excessive force related to the March 11, 2022, arrest under § 1983 to continue against Defendant Willett in his individual capacity.

### 2. Malicious prosecution

According to the amended complaint, Plaintiff was acquitted of the charges related to the arrests in the complaint on various dates in 2022: August 2, 2022; November 19, 2022; and December 1, 2022.

"The Sixth Circuit 'recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment[.]'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006)). A § 1983 malicious-

prosecution claim accrues at termination of the criminal proceeding in favor of the accused. *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017). Plaintiff's malicious prosecution claims are not time-barred.

The Court will allow to continue Plaintiff's individual-capacity § 1983 malicious-prosecution claims against Defendants Jones, Willett, and Euteneier in their individual capacities.

### 3. Fifth Amendment

Plaintiff's complaint refers to the Fifth Amendment. The Fifth Amendment of the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Plaintiff fails to explain how the Fifth Amendment applies to his claims, and Plaintiff does not have a cognizable Fifth Amendment due-process claim because the Fifth Amendment "circumscribes only the actions of the federal government." *Fowler v. Campbell*, No. 3:06-CV-P610, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007) (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981)). Here, the actions of local, not federal, officials are at issue. The Court will dismiss Plaintiff's Fifth Amendment claim.

### 4. Eighth Amendment

The complaint also refers to the Eighth Amendment. However, the Eighth Amendment applies to a convicted inmate, not an arrestee or a pretrial detainee as Plaintiff was during the

times pertinent to his complaint. *See Hale v. Boyle Cnty.*, 18 F.4th 845, 852 (6th Cir. 2021). Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claim.

### 5. Defendant Laird

Plaintiff alleges that Defendant Laird "as chief of police implicitly authorized, approved, and/or knowingly acquiesced in the unconstitutional conduct of" the other Defendants; failed to train and supervise the other Defendants; and/or failed to act.

The doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff alleges no active unconstitutional behavior on Defendant Laird's part, and, therefore, the Court will dismiss the individual-capacity claims against Defendant Laird for failure to state a claim upon which relief may be granted.

### C. State-law claims

Kentucky's one-year statute of limitations also applies to state-law actions for personal injury, malicious prosecution, arrest, and libel or slander. *See* Ky. Rev. Stat. § 413.140(1)(a), (c), (d). A claim for malicious prosecution under Kentucky law also accrues at the time criminal proceedings were terminated. *See, e.g.*, *Render v. Marlowe*, No. 2019-CA-1058-MR, 2022 WL 981840, at *3 (Ky. Ct. App. Apr. 1, 2022). A "claim for intentional infliction of emotional distress (IIED), . . . falls under KRS 413.120(6) (a five-year statute of limitations)." *Shaw v. Handy*, 588 S.W.3d 459, 461 (Ky. Ct. App. 2019). The Court will allow to continue Plaintiff's state-law claims for malicious prosecution against Defendants Jones, Willett, and Euteneier; against Defendant Willett for false arrest and assault and battery; against Defendant Jones for IIED; and against Defendant Euteneier for a libelous statement by referring to Plaintiff as being on the Sex Offender Registry.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims; the individual-capacity claims against Defendant Laird; the individual-capacity claims against Defendants Jones and Euteneier for false arrest/false imprisonment; and the claims under the Fifth and Eighth Amendments are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to **terminate** Defendant Laird as a party to this action.

The Court allows to go forward Plaintiff's individual-capacity § 1983 claims for false arrest, false imprisonment, and excessive force related to the March 11, 2022, arrest against

9

Defendant Willett; his individual-capacity § 1983 and Kentucky state-law malicious-prosecution claims against Defendants Jones, Willett, and Euteneier; and his state-law claims for malicious prosecution against Defendants Jones, Willett, and Euteneier; for false arrest and assault and battery against Defendant Willett; for IIED against Defendant Jones; and for libel against Defendant Euteneier.  In allowing those claims to continue, the Court passes no judgment on their ultimate merit.

The Court will enter a separate Service and Scheduling Order to govern the development of the continuing claims.

Date: June 22, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:	Plaintiff, *pro se*
	Defendants Jones, Willett, and Euteneier
	Attorney for the City of Paducah
4414.009